TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000963-KB

KENTUCKY BAR ASSOCIATION,
CLE COMMISSION

MOVANT

V.                          IN SUPREME COURT

MICHAEL RAY MCDONNER                          RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA), Continuing Legal Education (CLE) Commission, has requested this Court to enter an order of suspension against Respondent, Michael Ray McDonner, KBA Member No. 90161, with a last known bar roster address of 455 S. Fourth Avenue, Suite 1500, Starks Building, Louisville, Kentucky 40202. This Court's previous Order on March 19, 2009 adjudged Respondent guilty for failing to complete the necessary CLE requirements for the 2007-2008 educational year. The Order gave Respondent until April 8, 2009 to pay a $750.00 fine and pay the appropriate late fees to receive credit for his twelve unverified CLE credits. If, however, Respondent was unable to verify the twelve CLE hours, the Order gave Respondent until May 19, 2009 to complete twelve CLE hours. Due to his failure to comply and subsequently respond, the CLE Commission requests that Respondent be suspended from the practice of law pursuant to SCR 3.669(4). Finding this to

be an appropriate sanction, this Court adopts the CLE Commission's recommendation for suspension.

Respondent neither completed his CLE hours nor paid the fine as required by the Order entered on March 19, 2009. As required by the KBA, pursuant to SCR 3.661, Respondent failed to accrue the minimum twelve and one-half (12.5) hours of continuing legal education for the educational year ending June 30, 2008. Though Respondent did complete one-half (.5) hour of CLE, he remained deficient twelve hours. Despite being notified of his CLE obligation numerous times, Respondent has failed to meet those requirements, or even reply to the notifications.

The CLE Commission again made several attempts to contact Respondent, but to no avail, although several messages were left on his voicemail. In so doing, the Commission discovered Respondent had moved to a different firm without updating his address with the KBA, in violation of SCR 3.175. Purportedly, Respondent's address is 455 S. Fourth Avenue, Suite 1500, Starks Building, Louisville, Kentucky 40202, but it now appears to be 138 South 3rd Street, Louisville, Kentucky 40202. Messages were left at this address also. Notably, there has been no response to these contacts.

The CLE Commission filed a report detailing Respondent's failure to comply with the prior order of this Court and recommending Respondent's suspension from the practice of law. Because Respondent has failed to explain his lack of compliance with this Court's original order and has neglected to reply to the CLE Commission's numerous attempts at communications, we find

good cause to adopt the Commission's recommendation and suspend Respondent from the practice of law.

ACCORDINGLY, the Court ORDERS:

1)      Respondent, Michael Ray McDonner, KBA Member No. 90161, is adjudged guilty of failing to complete the necessary CLE requirements for the 2007-2008 educational year and failing to comply with this Court's order entered March 19, 2009;

2)      Respondent is hereby suspended from the practice of law until such time as this Court enters an order restoring or reinstating his membership in the Kentucky Bar Association;

3)      Respondent shall not file an application for restoration or reinstatement until such time as any CLE deficiency of record and existing requirements are met as set forth in SCR 3.675, Respondent has paid the sum of $750.00 to the Kentucky Bar Association and such other costs as are necessary, and Respondent has updated his bar roster address as required by SCR 3.175;

4)      Pursuant to SCR 3.390, Respondent shall notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order. Respondent shall simultaneously provide a copy of all such letters to the Kentucky Bar Association.

Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

5)      If Respondent fails to comply with any of the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may impose other discipline in this matter.

All sitting. All concur.

ENTERED: August 27, 2009.

_____
CHIEF JUSTICE